Shawn S. THOMPSON; Tasha R. Thompson; Tracey M. Thompson, Through their mother and next of friend, Shawn S. Thompson, Plaintiffs–Appellants,

v.

CITY OF COLUMBUS, et al., Defendants–Appellees.

No. 01–4197.

United States Court of Appeals, Sixth Circuit.

June 17, 2003.

Before KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

OPINION

PER CURIAM.

Plaintiffs–Appellants Shawn S. Thompson, and her minor daughters, Tasha and Tracey, (collectively "Plaintiffs") appeal the decision of the district court granting summary judgment to Defendants–Appellees Key Bank, Key Community Development Corporation, Iris McCord, an officer of Key Bank, the City of Columbus (the "City"), Kathy Kerr, Deputy Director of the Department of Trade and Develop-

ment for the City, Deborah Younger, Administrator for the Neighborhood Development Division within the Department of Trade and Development, Emeritus Communities, Inc., Scott Construction, Inc., Alan F. Scott, the South of Main Development Corporation ("SOMDC"), the South of Main Homes Corporation ("SOMH"), the South of Main Homes Limited Partnership, and Leslie Thompson (collectively "Defendants").

Thompson was the Executive Director of a non-profit organization, SOMDC, and president of SOMDC's for-profit subsidiary, SOMH. Both organizations were formed as part of a project to construct low-income housing units in Columbus, Ohio. Defendant Key Bank, formerly Society National Bank, provided a $2.5 million construction loan for the project and the City provided $4 million in tax credits. Emeritus Communities, Inc. was the general contractor for the project.

The project progressed very poorly and eventually Thompson resigned from her positions within the South of Main entities. There was also a criminal investigation initiated by the City after Thompson resigned because of concerns over the accounting of the project funds. As part of the investigation, a search warrant was issued for the South of Main entities and Thompson's personal residence. The warrant was executed and various documents and other evidence were taken from Thompson's home in accordance with the warrant.

In a twenty-eight count Amended Complaint, Thompson alleged that: (1) the Defendants conspired to remove her from her positions with the South of Main entities in order to take control of the project; (2) the Defendants committed various state law torts and crimes including constructive dis-

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

charge, defamation, and corrupt activity; (3) the Defendants violated her civil rights under 42 U.S.C. §§ 1983 and 1985; and (4) the City's actions in investigating the criminal complaint regarding the project violated her civil rights.

After careful review of the record, all applicable law, and the briefs of the parties, we conclude that the district court's Opinion and Order should be affirmed. As the decision is supported by the evidence and properly states the relevant principles of law and properly applies them to the facts of this case, no useful purpose would be served by issuing a full opinion. Accordingly, we AFFIRM on the basis of the district court's well-reasoned Opinion and Order.